WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—December, 1886.

### MATTER OF ACKER.

*In the matter of the probate of the will of* PHEBE ACKER, *deceased.*

A paper propounded as decedent's will consisted of a printed form, with decedent's signature written in a blank space in the body of the attestation clause, where it appeared that decedent had signed pursuant to the instructions of the draftsman, her physician, with the intent, understood by the witnesses, to effect a subscription of her will,—all the other statutory formalities having been observed.—

MATTER OF ACKER.

*Held*, that the instrument was subscribed, substantially, at the end, and that the same should be admitted to probate.

Sisters of Charity v. Kelly, 67 *N. Y.*, 409—compared.

THE executors, Isaac R. Secor and Mary B. Jube, named in the will of the decedent, presented the same for probate. The will was prepared by the executor Secor, who was a physician, a blank form being used for that purpose, in which the usual formal parts were printed, as was also the attestation clause, with a blank space for the name of the testatrix to be inserted. Before any attempt at execution was made, the draftsman read it aloud to decedent, who declared it was as she desired it. She then took a pen to subscribe her name, and was told, by him, that the proper place to do it, was in the blank space in the attestation clause between the printed words " Subscribed by " —————— and " the testa—— " ; and she accordingly wrote her name there, in the presence of both of the subscribing witnesses. All the other formalities necessary to a complete execution were complied with.

THE EXECUTORS, *in person*.

THE SURROGATE.—This will must be regarded as sufficiently executed, in all respects. The only question relates to the subscription. That the place where she wrote her name was intended by her to be a subscription of her will, there can be no doubt, and it was that signature which the witnesses attested. That it was written in a blank space in the attestation clause, can make no difference, when it distinctly appears that it was intended by her, and so understood by the witnesses, as her subscription of the will, and it is, sub-

stantially, at the end thereof.   There is nothing in the case of Sisters of Charity v. Kelly (67 *N. Y.*, 409) which conflicts with this view.

The will is, therefore, admitted to probate.